STATE OF MAINE                                    SUPERIOR COURT
LINCOLN, SS.                                      Civil Action
                                                  Docket No. RE-2017-18


ERNEST A. WHITEHOUSE,           )
et al.,                         )
                Plaintiffs      )
                                )
                                )
        v.                      )        **JUDGMENT**
                                )
                                )
DALE E. WATCHOWSKI, et al,      )
                Defendants.     )


A bench trial in this matter was conducted over five days – October 29, 2019; October 31, 2019; November 1, 2019; June 13, 2019; and June 14, 2019[1]. The following judgment is based on the evidence presented at trial, the stipulations agreed to by the parties, and the view conducted by the court on June 13, 2019.

The Plaintiffs have presented proposed findings of fact which are adopted by the court with the exception of the following numbered proposed findings of fact which this court specifically declines to adopt as fact: 11 – 17; 41 – 45; 51; 56 – 57; 60 – 61; 65 – 67; 70 – 71; 86 – 87; 90; 96 – 97; 104; and 115.

## Count I – Declaratory Judgment

In this count, the Plaintiffs seeks a judgment declaring that the Nubbles, as depicted on the Capen Plan and described in the Original Nubbles Deed, includes all of the land between the Watchowski/Williams property on the west and the mean low tide of the Atlantic Ocean on the east and is owned exclusively by the Plaintiffs.

---

[1] Counsels' original estimate for time needed for trial was three days. Scheduling the additional two days needed was made difficult by the availability of the parties and witnesses.

1

The court finds the Original Nubbles Deed to be ambiguous, but that no reasonable interpretation of the deed would implicate any property adjacent to the Watchowski/Williams property. In addition, the court finds unpersuasive the testimony of the Plaintiffs' surveyor regarding the meaning of the Original Nubbles Deed.

Therefore, because the Plaintiffs, as the party bearing the burden of proof on this count, have failed to convince the court that they are entitled to the relief sought by the preponderance of the evidence, judgment is entered for the Defendants on Count I of the Plaintiffs' Complaint.

## Count II – Declaratory Judgment

In this count, the Plaintiffs seeks a judgment declaring that the Plaintiffs are the exclusive owners of the land south of the 1975 Boundary Line from the western edge of Lots 2 and 5 and running east as a straight line to the mean low water line of the Atlantic Ocean.

This court is convinced that the Law Court's holding in *Lamson v. Cote*, 2001 ME 109, establishes that the Paper Streets Act is not applicable to a case such as this one when the plan was recorded after the first conveyance of a lot shown on a subdivision plan. In addition, to the extent it could be found that the Plaintiffs properly pled a claim of adverse possession of the land in question, the court finds that the evidence presented falls short of what would be required to establish such a claim.

Therefore, because the Plaintiffs, as the party bearing the burden of proof on this count, have failed to convince the court that they are entitled to the relief sought by the preponderance of the evidence, judgment is entered for the Defendants on Count II of the Plaintiffs' Complaint.

## Count III – Declaratory Judgment

In this count, the Plaintiffs seeks a judgment declaring that the October 13, 2010 default judgment entered by the Lincoln County Superior Court in Docket No. RE-201-47 is invalid as to the boundary lines of the Plaintiffs' property and to any other property rights held by the Plaintiffs.

It is undisputed that the Plaintiffs were not served or made a party to the 2010 litigation. Therefore, the judgment entered is in no way binding on the Plaintiffs and judgment is entered for the Plaintiffs on Count III of the Plaintiffs' Complaint.

## Count IV – Injunctive Relief

The Plaintiffs' have withdrawn this count.

## Counterclaim Count I – Declaratory Judgment

In this count, the Defendants/Counterclaim Plaintiffs ask for a Declaratory Judgment that the Nubbles lot does not include or relate to any of the earth in front of the Watchowski/Williams property including the earth declared to be owned by the Defendants by virtue of the 2010 judgment and for injunctive relief.

The court is convinced that the Nubbles deed does not include or relate to any of the earth in front of the Watchowski/Williams property and that the Whitehouses have failed to establish any legal claim to the disputed area. Therefore, judgment is entered for Defendants/Counterclaim Plaintiffs on Count I of their counterclaim.

The court declines to enter injunctive relief, except the Plaintiffs are ORDERED to remove the portion of their fence that extends beyond the boundary expressed in the 1975 deeds.

## Counterclaim Count II – Declaratory Judgment

In this count, the Defendants/Counterclaim Plaintiffs ask for a Declaratory Judgment that they by their own use and the use of their predecessors in title have an

3

easement over the Whitehouse property along and over the long term driveway as it has always existed.

It is the court's view that the evidence presented was insufficient to establish a prescriptive easement on the Whitehouse property. Therefore, because the Defendants/Counterclaim Plaintiffs, as the party bearing the burden of proof on this count, have failed to convince the court that they are entitled to the relief sought by the preponderance of the evidence, judgment is entered for the Plaintiffs on Count II of the Counterclaim.

### Counterclaim Count III – Spite Fence

In this count, the Defendants/Counterclaim Plaintiffs allege that the Plaintiffs have created a vegetative spite fence and seek an order that it be removed.

Pursuant to 17 M.R.S. § 2801, "Any fence or other structure in the nature of a fence, unnecessarily exceeding 6 feet in height, maliciously kept and maintained for the purpose of annoying the owners or occupants of adjoining property, shall be deemed a private nuisance." Defendants/Counterclaim Plaintiffs bear the burden of demonstrating each of these elements by a preponderance of the evidence. *See Ma v. Bryan*, 2010 ME 55, ¶ 6, 997 A.2d 755 (stating that it is the plaintiff's burden of proof to establish the elements of a cause of action); *see also State v. Gagne*, 2019 ME 7, ¶ 30, 199 A.3d 1179. "For purposes of the [spite fence] statute, a plaintiff need not prove that malice, the purpose to annoy, was the sole motive for building the fence. The plaintiff need only prove that such was the dominant motive, meaning that without that malicious motive, the fence would not have been erected or maintained." *Peters*, 2011 ME 106, ¶ 16, 30 A.3d 825 (citation, quotation marks, and emphasis omitted).

In this case, the court finds that the Plaintiffs' dominant motives in installing the vegetation at issue in this case were privacy, wind break, and personal aesthetic

4

enjoyment. The court finds credible the Plaintiffs' testimony regarding their motivations for planting the vegetation in question. Though the Defendants, and the court, may not share the Plaintiffs' view of the aesthetic value of the vegetation in question, that is not a justification to order its removal.

Therefore, because the Defendants/Counterclaim Plaintiffs, as the party bearing the burden of proof on this count, have failed to convince the court that they are entitled to the relief sought by the preponderance of the evidence, judgment is entered for the Plaintiffs on Count III of the Counterclaim.

Given the mixed results in this action, the court finds that neither party is a prevailing party and therefore neither party is awarded costs.

Any pending motions not previously addressed by the court are made MOOT by this judgment.

The Clerk is directed to incorporate this Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

Dated: September 9, 2019

_____
JUSTICE, MAINE SUPERIOR COURT
Daniel I. Billings